MICHAEL A. JACOBS (BAR NO. 111664)
DANIEL P. MUINO (BAR NO. 209624)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
mjacobs@mofo.com
dmuino@mofo.com

Attorneys for Defendant
FENDER MUSICAL INSTRUMENTS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MESA/BOOGIE, LTD., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>FENDER MUSICAL INSTRUMENTS CORPORATION, a Delaware corporation,<br><br>Defendant. | CASE NO. C 07-4302 RS<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1  Defendant Fender Musical Instruments Corporation ("Fender") hereby answers the
2  Complaint of Plaintiff Mesa/Boogie, Ltd. for Patent Infringement (the "Complaint"), filed
3  August 21, 2007, as follows:

**NATURE OF THE COMPLAINT**

1. With respect to the allegations of Paragraph 1, Fender admits that Plaintiff Mesa/Boogie, Ltd. ("Plaintiff") has brought a civil action for patent infringement against Fender under 35 U.S.C. §§ 1 *et seq.*

**INTRA-DISTRICT ASSIGNMENT**

2. Fender admits the allegations of Paragraph 2.

**PARTIES, JURISDICTION AND VENUE**

3. Fender admits the allegations of Paragraph 3.

4. Fender admits the allegations of Paragraph 4.

5. With respect to the allegations of Paragraph 5, Fender admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, because this action purports to arise under 35 U.S.C. §§ 1 *et seq.*

6. With respect to the allegations of Paragraph 6, Fender admits that venue is proper in this district under 28 U.S.C. §§ 1391 and 1400. Fender also admits that it is subject to personal jurisdiction in this district. Fender further admits that it maintains commercial contacts with California and regularly conducts business in this district. Fender denies that it has sold any infringing products or has engaged in any other infringing activity. Fender lacks sufficient knowledge to admit or deny the other allegations of Paragraph 6, and therefore denies the other allegations contained therein.

**OPERATIVE FACTS**

7. With respect to the allegations of Paragraph 7, Fender lacks sufficient knowledge to admit or deny the allegations of this paragraph, and therefore denies the allegations contained therein.

1      8.    With respect to the allegations of Paragraph 8, Fender lacks sufficient knowledge to admit or deny the allegations of this paragraph, and therefore denies the allegations contained therein.

    9.    With respect to the allegations of Paragraph 9, Fender admits that United States Patent No. 5,168,438 (the "'438 patent") was issued to Randall Smith on December 1, 1992 and is entitled "Selectable Dual Rectifier Power Supply for Musical Amplifier." Fender lacks sufficient knowledge to admit or deny the other allegations of Paragraph 9, and therefore denies the other allegations contained therein.

    10.    With respect to the allegations of Paragraph 10, Fender lacks sufficient knowledge to admit or deny whether Plaintiff has marked its products with the '438 patent, in accordance with 35 U.S.C. § 287, and therefore denies that allegation. Fender denies that Plaintiff had placed Fender on notice of the '438 patent prior to the filing of its Complaint. Fender denies that it makes, uses, sells or offers to sell apparatuses covered by the '438 patent.

**COUNT ONE – PATENT INFRINGEMENT**

    11.    Fender repeats and incorporates by reference all of the admissions and denials set forth in paragraphs 1-10.

    12.    Fender denies the allegations of Paragraph 12.

    13.    Fender denies the allegations of Paragraph 13.

    14.    Fender denies the allegations of Paragraph 14.

    15.    Fender denies the allegations of Paragraph 15.

**AFFIRMATIVE DEFENSES**

    16.    Fender asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Noninfringement)**

    17.    Fender has not infringed and does not infringe any valid claim of the '438 patent.

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity and Unenforceability)**

18.   The '438 patent is invalid and/or unenforceable for failure to comply with one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

19.   Plaintiff's claims for relief are barred in part by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Limitation on Damages)**

20.   Plaintiff's prayer for damages is limited by 35 U.S.C. §§ 286 and 287, including the patent marking requirements.

**PRAYER FOR RELIEF**

WHEREFORE, Fender prays for relief as follows:

1. That Plaintiff's Complaint be dismissed with prejudice and Plaintiff take nothing by this action;

2. That the Court enter a judgment declaring that the '438 patent is invalid and/or unenforceable;

3. That the Court enter a judgment declaring that Fender has not infringed and is not currently infringing, either literally or under the doctrine of equivalents, and whether directly, contributorily, or through inducement, any of the claims of the '438 patent;

4. That the Court enjoin Plaintiff from enforcing, attempting to enforce, or threatening to enforce against Fender, or any customer or potential customer of Fender, the '438 patent;

5. That the Court declare this case to be an exceptional case under 35 U.S.C. § 285 and the charges of infringement herein to have been made in bad faith and awarding Fender its costs, expenses, and reasonable attorneys' fees;

6.  Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil Local Rule 3-6, Fender hereby demands a trial by jury of all issues in this case.

Dated: October 16, 2007          MORRISON & FOERSTER LLP

By:   /s/ Daniel P. Muino
         Daniel P. Muino

Attorneys for Defendant
FENDER MUSICAL INSTRUMENTS
CORPORATION

DEFENDANT'S ANSWER TO COMPLAINT
Case No. C 07-4302 RS
sf-2405345

4